(No. 3331—

A. L. POTTS, M. D., Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1939.*

Claimant, pro se.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

The claimant, A. L. Potts, M. D., who is a practicing physician and surgeon residing at Gibson City, Illinois, filed his complaint herein on November 16th, 1938, and therein asks for an award of $97.00 for medical and surgical services rendered between December 26, 1934 and June 21, 1935, to one Louis F. Thompson, maintenance patrolman for the Division of Highways of the respondent.

It appears from the report of the Division of Highways filed herein on March 18th, 1939, that on December 26th, 1934 Thompson sustained accidental injuries which arose out of and in the course of his employment; that he was removed to Paxton Community Hospital at Paxton, Illinois, for treatment; that he was attended by the claimant while at the hospital, and thereafter at his home; that the services rendered by the claimant were authorized by the District Engineer of the respondent; that on August 1, 1935 claimant submitted a bill for his services in the amount of $84.00; that same was returned with the request that the charge of $50.00 for an operation on December 26, 1934 be reduced, and that no reply was made to such request.

On November 16th, 1938 claimant filed his complaint herein, and on March 23d, 1939 he filed a voluntary reduction of his claim and agreed to accept the sum of $75.00 in full settlement thereof. Settlement for such amount has been approved by the Examining Committee of the Department of Finance which passes upon the reasonableness of fees in claims of this kind.

It is admitted that the services in question were authorized by the proper authorities of the respondent; that they were rendered as claimed, and that they are reasonably worth the sum of $75.00.

There was no unreasonable delay in filing the claim, and there is no reason why the claim should not be allowed.

An award is therefore entered in favor of the claimant for the sum of Seventy-five Dollars ($75.00).